FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-CV-00194-jrg |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| TCT MOBILE INTERNATIONAL | § | |
| LIMITED AND TCL COMMUNICATION | § | |
| TECHNOLOGY HOLDINGS LIMITED, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## TCT MOBILE INTERNATIONAL LIMITED'S RULE 12(B)(2) MOTION TO DISMISS

Defendant TCT Mobile International Limited ("TCT HK")[1] files this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and respectfully asks this Court to dismiss all claims against TCT HK for lack of personal jurisdiction. This motion is supported by the declaration of Anming Yang, which is attached as Exhibit 1.

### I.  STATEMENT OF THE ISSUE

The issue before this Court is whether the Court may exercise personal jurisdiction in this suit for patent infringement over TCT HK, a Hong Kong, China company that does not manufacture or sell any products in Texas or otherwise have contacts with Texas.

### II.  FACTUAL BACKGROUND

#### A.  The allegations in this lawsuit

Plaintiff Semcon IP Inc. ("Semcon") filed its Complaint for Patent Infringement against Defendants TCT HK and TCL Communication Technology Holdings Limited ("TCL

---

[1] Semcon refers to the defendants, collectively, as "Alcatel." TCT HK, however, is not Alcatel, which was a French company with its own corporate identity.

Communication")[2] on May 9, 2018. Semcon alleges it is the owner of several patents, which are referred to in its Complaint and herein as the "Patents-in-Suit." *See* Compl. ¶¶ 8-12 (ECF No. 1) (defining "Patents-in-Suit"). "The Patents-in-Suit generally cover methods and apparatuses for controlling the power used by a computer, and specifically, the adjustment of the clock frequency and voltage supply to a processor and other components to conserve processor power and extend battery life." *Id.* ¶ 14. Semcon contends TCT HK and TCL Communication have infringed the Patents-in-Suit "by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing" products such as the Alcatel One Touch Idol 3, One Touch Pop Icon and One Touch Pop Mega LTE smartphones." *Id.* ¶ 16.

### B. TCT's operations

TCT HK is a Hong Kong, China company with a registered place of business at 5th Floor Building 22E No. 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong, China. Ex. 1 ¶ 3. TCT HK does not have employees or representatives in the U.S. Ex. 1 ¶ 11.  TCT HK does not have agreements with any resellers in the U.S. Ex. 1 ¶ 13. TCT HK has no subsidiary companies in the United States. Ex. 1 ¶ 9.

TCT HK does not manufacture any products, including the products accused of infringing the Patents-in-Suit. Ex. 1 ¶ 6. Instead, Huizhou TCL Mobile Communication Co. Ltd. ("TCL Huizhou") manufactures mobile phones in Huizhou City, Guangdong Province, China. Ex. 1 ¶ 7. TCT HK does not, however, import mobile phones made by TCL Huizhou into the U.S. Ex. 1 ¶ 8. Similarly, TCT HK does not sell mobile phones made by TCL Huizhou in Texas. Ex. 1 ¶ 12. TCT HK does not contract with any resellers in the U.S. to sell mobile phones made by TCL Huizhou. Ex. 1 ¶ 13. TCT Mobile (US) Inc. ("TCT US"), a Delaware corporation with a

---

[2] According to the docket, as of the date of this filing, TCL Communication has not been served.

1

principal place of business at 25 Edelman, Suite 200, Irvine, California, imports and sells mobile phones made by TCL Huizhou. Ex. 1 ¶ 14. TCT US also sells to resellers in Texas. Ex. 1 ¶ 14.

### III. LEGAL STANDARD

A court must dismiss a claim if the court does not have personal jurisdiction over the defendant. *E.g.*, *Dallas Texans Soccer Club v. Major League Soccer Players Union*, 247 F. Supp. 3d 784, 787 (E.D. Tex. 2017) (citing Fed. R. Civ. P. 12(b)(2)). When the non-resident defendant files a motion under Rule 12(b)(2), "the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction.'" *Id.* (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). The court must accept as true the uncontroverted allegations in plaintiff's complaint and resolve factual conflicts in the plaintiff's favor. *Id.* at 787-88. The court may consider affidavits or other recognized methods of discovery. *E.g.*, *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

"Because personal jurisdiction in a patent case is intimately related to patent law, Federal Circuit law governs the issue." *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 672 (E.D. Tex. 2006) (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)). Federal courts hearing patent cases, however, defer to the forum state's interpretation of its long-arm statute, "but Federal Circuit law controls whether the exercise of personal jurisdiction comports with due process." *Id.* at 672-73 (citing *D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998)).

A court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the nonresident defendant, and (2) the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *E.g., Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir.

2

2009). "Because the Texas long-arm statute extends as far as constitutional due process permits, a court only needs to determine whether a suit in Texas is consistent with the due process clause of the Fourteenth Amendment." *Dallas Texans Soccer*, 247 F. Supp. 3d at 788 (citing *Int'l Energy*, 818 F.3d at 212).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has minimum contacts with the forum state such that an exercise of jurisdiction would not offend the "traditional conception of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). This minimum contacts requirement ensures "that nonresidents have fair warning that a particular activity may subject them to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir.1994) (citations omitted).

The "minimum contacts" requirement can be satisfied through general jurisdiction or specific jurisdiction. General jurisdiction applies where a nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117 (2014) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)). Even if general jurisdiction is lacking, the court may still exercise specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350-51 (Fed. Cir. 2002) (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). The primary focus of the personal jurisdiction inquiry is the defendant's relationship to the forum state. *E.g.*, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1179 (2017).

IV. **ARGUMENT AND AUTHORITIES**

Semcon contends TCT HK is subject to this Court's personal jurisdiction "pursuant to due process and/or the Texas Long Arm Statute due at least to [TCT HK's] substantial business in this State and this Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas." Compl. ¶ 7 (ECF No. 1). As set forth herein, however, TCT HK does not have "minimum contacts" with Texas such that an exercise of personal jurisdiction would not offend traditional concepts of fair play and substantial justice. More specifically, both general and specific jurisdiction do not exist.

A. **TCT HK's contacts with Texas are neither continuous nor systematic such that TCT HK cannot be said to essentially be at home in Texas.**

A court may assert general jurisdiction over a nonresident defendant only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler*, 571 U.S. at 122 (quoting *Goodyear*, 564 U.S at 919); *see also NexLearn, LLC v. Allen Interactions, Inc*., 859 F.3d 1371, 1375 (Fed. Cir. 2017). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137. "[F]or a corporation, it is an equivalent [domicile], one in which the corporation is fairly regarded as at home.'" *Id.* (quoting *Goodyear*, 564 U.S. at 922-23); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

TCT HK does not have employees or representatives in the U.S. Ex. 1 ¶ 11. TCT HK does not have agreements with any resellers in the U.S. Ex. 1 ¶ 13. Further, TCT HK does not import mobile phones into the U.S. or sell mobile phones in Texas. Ex. 1 ¶¶ 8, 12. TCT HK also has no subsidiary companies in the U.S. Ex. 1 ¶ 9.

4

TCT HK simply does not have contacts with Texas that qualify as "continuous and systematic general business contacts." *Autogenomics*, 566 F.3d at 1017 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "Rather, this 'is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum.'" *Id.* (quoting *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008)). Therefore, general jurisdiction over TCT HK does not exist in Texas.

> **B.    TCT HK has not engaged in any conduct related to this suit that creates a substantial connection with Texas.**

Specific jurisdiction is "very different" from general jurisdiction. *Bristol-Myers*, 137 S. Ct. at 1780. For specific jurisdiction to exist, the lawsuit must arise out of or relate to the defendant's contacts with the forum state. *E.g.*, *id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros*, 466 U.S. at 414). There must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S at 919 (internal quotation marks and brackets in original omitted). In the absence of such connection, specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected activities in the state*. *See id.* at 931, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

For specific jurisdiction, the Federal Circuit applies a three-part test: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of

personal jurisdiction is reasonable and fair." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331-32 (Fed. Cir. 2008) (internal quotation marks omitted). "The first two factors correspond with the minimum contacts prong of the *International Shoe* analysis, and the third factor corresponds with the fair play and substantial justice prong of the analysis." *Id.* (quoting *Inamed*, 249 F.3d at 1360) (internal quotation marks omitted). As set forth below, the answer to all three factors is "no."

    **1. *TCT did not purposefully direct any activities at Texas residents.***

"In the ordinary patent infringement suit, the claim asserted by the patentee plaintiff is that some act of making, using, offering to sell, selling, or importing products or services by the defendant constitutes an infringement of the presumptively valid patent named in suit." *Avocent*, 552 F.3d at 1332. Here, Semcon alleges TCT HK infringed the Patents-in-Suit "by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing" products such as the Alcatel One Touch Idol 3, One Touch Pop Icon and One Touch Pop Mega LTE smartphones." Compl. ¶ 16 (ECF No. 1).

TCT HK, however, does not make, use, sell, offer to sell, import, or actively induce others to make, use, sell, offer to sell, and/or import the products accused of infringing the Patents-in-Suit. *See generally* Ex. 1. TCT HK does not manufacture any products, in the U.S., or elsewhere. Ex. 1 ¶ 6. TCT HK does not sell, offer to sell, or import any products in the U.S. or Texas. Ex. 1 ¶¶ 8, 12.

Therefore, plainly, TCT HK did not purposefully direct any activities at Texas residents.

    **2. *Semcon's claim cannot arise out of any activities of TCT in Texas as none exist.***

Semcon's claims cannot arise out of any activities TCT directed at Texas residents because, as set forth above, TCT HK did not direct any activities at Texas residents. Thus,

6

Semcon cannot establish that any conduct by TCT HK creates "a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### 3. The assertion of personal jurisdiction over TCT HK is both unreasonable and unfair.

"The strictures of the Due Process Clause forbid a state court to exercise personal jurisdiction over [the defendant] under circumstances that would offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987) (internal quotation marks omitted) (citing *Int'l Shoe*, 326 U.S., at 316). In analyzing whether personal jurisdiction exists, "a court must consider a variety of interests," such as the interests of the forum state, the interest of the plaintiff in proceeding in its choice of forum, and the burden on the defendant. *E.g.*, *Bristol-Myers Squibb Co*, 137 S. Ct. at 1780; *see also Burger King*, 471 U.S. at 477 (stating courts may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies" (internal quotation marks omitted)).

#### a.   <u>The burden on TCT HK is severe</u>

The "primary concern" is the burden on the defendant. *Bristol-Myers Squibb Co*, 137 S. Ct. at 1780. The court must consider the practical problems resulting from litigation in its forum but also "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Id.* This because the requirement of personal jurisdiction is "more than a guarantee of immunity from inconvenient or distant litigation," it is "a consequence of territorial limitations on the power of the respective States." *Id.* For this reason, the "federalism interest may be decisive." *Id.* at 1780-81 ("Even if the defendant would

7

suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)).

Moreover, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114 (noting that the defendant, headquartered in Japan, would have to travel a great distance to California).

Here, the burden on TCT HK to defend Semcon's claims in Texas is great. TCT HK has no presence in Texas and, instead, is located in Hong Kong, China. Ex. 1 ¶¶ 3, 9, 11. Thus, should the Court exercise jurisdiction over it, TCT HK will be required to travel a great distance to a state in which it has no contacts.[3] Moreover, TCT HK would have to defend itself "in a foreign legal system," which is greatly different from the legal system in Hong Kong, China. *Asahi*, 480 U.S. at 114; *see also Gulf Consol. Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1074 (5th Cir. 1990) ("Likewise, the burden on [the defendant], in having to defend suit in a legal system greatly different from that of Greece, should be given significant weight in our assessment of the reasonableness of Texas's assertion of personal jurisdiction in the present case. (citing *Asahi*, 480 U.S. at 114)).

For these reasons, the burden to TCT HK cautions against the exercise of personal jurisdiction over it.

8

b.  **Texas's interest is significantly diminished.**

While a state has an interest in providing its residents with a convenient forum for redressing injuries caused by out-of-state actors, such interest is subject to the strictures of the Due Process Clause. "The Due Process Clause protects an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879 (2011). "This is no less true with respect to the power of a sovereign to resolve disputes through judicial process than with respect to the power of a sovereign to prescribe rules of conduct for those within its sphere." *Id.* "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id.* at 884.

Here, as set forth above, TCT HK has not directed any course of conduct at Texas. Thus, Texas lacks the authority to adjudicate disputes against it, including this suit filed by Semcon.

**V.   CONCLUSION**

For the reasons set forth herein, TCT HK respectfully requests that this motion be granted, Semcon's claims against TCT HK be dismissed, and that TCT HK be awarded such other and further relief to which it may be justly entitled.

---

[3] The Court may take judicial notice of the fact that Hong Kong, China, is more than 8,000 miles from Marshall, Texas. *See Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 510 (E.D. Tex. 2003) (taking judicial notice of distance).

9

Respectfully submitted,

*s/ Daniel R. Foster*
Daniel R. Foster
California Bar No. 179753
dfoster@mwe.com
MCDERMOTT WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614-2559
(949) 851-0633
 (949) 851-9348 (facsimile)

Ya-Chiao Chang
Texas Bar No. 24070992
ychang@mwechinalaw.com
MWE CHINA LAW OFFICES
28th Floor, Jinmao Tower
88 Century Ave.
Shanghai 200121 China
+86 21 6105 0947
+86 21 6105 0501 (facsimile)

Calli A. Turner
Texas Bar No. 24088558
cturner@mwe.com
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood, Suite 1900
Dallas, Texas 75201
(214) 295-8056
(972) 232-3098 (facsimile)

ATTORNEYS FOR DEFENDANT TCT MOBILE INTERNATIONAL LIMITED

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2018, a true and correct copy of the foregoing document was served by electronic transmission through the Court's Case Management Electronic Case Filing system.

*s/ Calli Turner*
Calli Turner