# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § § § | |
| | § | Case No. 2:18-cv-00194-JRG |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| | § | |
| TCT MOBILE INTERNATIONAL LIMITED and TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF SEMCON IP INC.'S RESPONSE IN OPPOSITION TO TCT MOBILE INTERNATIONAL LIMITED'S RULE 12(b)(2) MOTION TO DISMISS (DKT. 14)

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

    A. Semcon's Complaint ........................................................................................... 1

    B. TCT Mobile's Operations ................................................................................... 2

III. LEGAL STANDARD ..................................................................................................... 3

IV. ARGUMENT ................................................................................................................... 5

    A. TCT Mobile is Subject to Personal Jurisdiction Based on a Stream of Commerce Theory ............................................................................................... 5

    B. TCT Mobile's Incomplete Affidavit Does Not Dispute Key Facts ..................... 8

    C. Application of Personal Jurisdiction on TCT Mobile is Both Reasonable and Fair ................................................................................................................ 9

    D. Semcon is Entitled to Jurisdictional Discovery ................................................. 10

V. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
  205 F.3d 208 (5th Cir. 2000) ...................................................................................................3

*Asahi Metal Ind. Co., Ltd. v. Chang Shin Rubber Ind. Co., Ltd.*,
  480 U.S. 102 (1987) ..................................................................................................................8

*ATEN Int'l Co. v. Emine Tech. Co.*,
  261 F.R.D. 112 (E.D. Tex. 2009) ................................................................................3, 5, 7, 8

*Autobytel, Inc. v. Insweb Corp.*,
  No. 2:07-CV-524, 2009 WL 901482 (E.D. Tex. Mar. 31, 2009) ..............................................3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994) .........................................................................................4, 5, 8

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) ................................................................................................4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ..............................................................................................................4, 9

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
  297 F.3d 1343 (Fed. Cir. 2002) ................................................................................................9

*Genetic Implant Sys., Inc. v. Core–Vent Corp.*,
  123 F.3d 1455 (Fed. Cir. 1997) ................................................................................................3

*GSK Tech., Inc. v. Schneider Elec., S.A.*,
  No. 6:06–cv–361, 2007 WL 788343 (E.D. Tex. Mar. 14, 2007) ..............................................5

*Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*,
  No. 5:08-CV-26, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009) ...................................4

*IDQ Operating, Inc. v. Aerospace Commc'ns Holdings Co.*,
  No. 6:15-CV-781, 2016 WL 5349488 (E.D. Tex. Jun. 10, 2016), *report and recommendation adopted sub nom. Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co., Ltd*, No. 6:15-CV-781, 2016 WL 5338715 (E.D. Tex. Sept. 23, 2016) .................................................................................................5, 6, 7, 8

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
  326 U.S. 310 (1945) ..................................................................................................................4

*MHL Tek, LLC v. Nissan Motor Co.*,
  No. 2:07-cv-289 (TJW), 2008 WL 910012 (E.D. Tex. Apr. 2, 2008) ...............................6, 7, 8

*Silent Drive, Inc. v. Strong Indus.*,
  326 F.3d 1194 (Fed. Cir. 2003) ................................................................................................3

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
  563 F.3d 1285 (Fed. Cir. 2009) ...........................................................................................9, 10

*World–Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ......................................................9, 10

**Statutes**

35 U.S. Code § 286 ..........................................................................................................................9

**Other Authorities**

Rule 12(b)(2) ...................................................................................................................................1

Plaintiff Semcon IP Inc. ("Semcon" or "Plaintiff"), by and through its undersigned counsel, hereby submits this response in opposition to Defendant TCT Mobile International Limited ("TCT Mobile" or "Defendant") Rule 12(b)(2) Motion to Dismiss (the "Motion")(Dkt. 14).

## I.     INTRODUCTION

TCT Mobile's Motion should be denied because Semcon has made a *prima facie* showing that TCT Mobile imports mobile phones and tablets — both accused devices — into the United States and intends that they be sold (by an affiliate) within the State of Texas, thereby subjecting it to personal jurisdiction under the stream of commerce theory.  While TCT Mobile proffers a carefully crafted affidavit from a Director, it is silent as to the importation of the accused tablets and only offers incomplete testimony as to the accused mobile phones. Nonetheless, the affidavit establishes that TCT Mobile knows that these products are ultimately sold in Texas and, given that TCT Mobile owns and licenses the U.S. trademarks associated with the accused devices for use within Texas, this Court can infer that it intended for these products to be sold in Texas.  Further, the application of personal jurisdiction on TCT Mobile is fair and reasonable as both Semcon and this District have an interest in adjudicating this dispute.  Finally, should the Court find that Semcon has not made a *prima facie* showing, Semcon respectfully requests that it be entitled to conduct jurisdiction-related discovery.

## II.     FACTUAL BACKGROUND

### A.     Semcon's Complaint

On May 9, 2018, Semcon filed a Complaint against TCT Mobile and TCL Communication Technology Holdings Limited[1] arising from their infringement of U.S. Patent

---

[1]  While TCT Mobile states that the Alcatel company is a former French company (Motion at 1), it does not dispute that the two named defendants use the Alcatel brand.  *See* Ex. A at 3. ("TCL Communication Technology Holdings

Nos. 7,100,061 (the "'061 Patent"); 7,596,708 (the "'708 Patent"); 8,566,627 (the "'627 Patent"); and 8,806,247 (the "'247 Patent) (collectively, the "Patents-in-Suit").  Semcon is the sole and exclusive owner of all right, title, and interest in the Patents-in-Suit.  Dkt. 1 at ¶ 12.

Semcon alleged, *inter alia*, that TCT Mobile infringed the Patents-in-Suit "by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing, products that utilize SoCs[2] and associated software that perform DCVS or DVFS for power management, including Qualcomm Snapdragon SoCs. . ." *Id*. at ¶ 16.  The Complaint explained that for each of the Patents-in-Suit "[s]uch products include smartphones ***and tablets*** utilizing SoCs and associated software that perform DCVS and/or DVFS for power management . . ." *Id*. at ¶ 19; ¶ 27; ¶ 35; ¶ 43 (emphasis added).

### B.    TCT Mobile's Operations

TCT Mobile is a Hong Kong company.  Motion at 2.  Its principal activities are the "development and distribution of mobile devices and related components."  Ex. A at 57.  TCT Mobile imports tablets into the United States.  Ex. D at 2, 4-5.  It also imports mobile phones into the U.S.  Ex. E at 2.  Further, TCT Mobile is the assignee of close to two dozen U.S. trademarks and service marks related to mobile phones, tablets and products.  Ex. B.

The accused products are sold in Texas with TCT Mobile's knowledge.  Dkt 14-1 at ¶ 14.  For example, the Alcatel Idol 5S is a smartphone with a Qualcomm Snapdragon SoC.  Ex.  F; Ex. G at 2; Ex. H at 3.  It is sold in Texas, including at Walmart.  Ex. J.  TCT Mobile owns the trademark for "Idol" for mobile telephones.  Ex. B-17.  The U.S. affiliate of TCT Mobile uses this trademark for the Idol 5 when it advertises this product on its website.  Ex. J; Ex. K.

---

Limited. ("TCL Communication" or the "Company") together with its subsidiaries (collectively, the "Group") designs, manufactures and markets an expanding portfolio of mobile devices and other products worldwide under three key brands — Alcatel…"); *see also* Ex. B-17 (PTO Trademark record showing TCT Mobile as owner for Idol trademark) *and* Ex. C (U.S. website displaying Alcatel Idol 5 mobile product and noting its trademark).

[2]  "SoC" refers to System-on-a-Chip.  *See Id*. at ¶ 15.

The accused products also comprise tablets. As one example, the Alcatel A30 is a tablet comprising a Qualcomm Snapdragon SoC. Ex. L at 2. This tablet was available nationwide beginning in 2017. Ex. M.

### III.     LEGAL STANDARD

Personal jurisdiction in patent infringement actions is governed by Federal Circuit law. *See Silent Drive, Inc. v. Strong Indus*., 326 F.3d 1194, 1200-01 (Fed. Cir. 2003). On a motion to dismiss, "a plaintiff only needs to make a *prima facie* showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff." *ATEN Int'l Co. v. Emine Tech. Co*., 261 F.R.D. 112, 118 (E.D. Tex. 2009) (citing *Silent Drive*, 326 F.3d at 1201) (emphasis added). Further, courts will resolve "all conflicts between the facts contained in the parties' affidavits and other documentation" in favor of the party seeking jurisdiction. *Id*. (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

To determine whether personal jurisdiction exists over an out-of-state defendant, the Court must consider: "(1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process." *Autobytel, Inc. v. Insweb Corp*., No. 2:07-CV-524, 2009 WL 901482, at *1 (E.D. Tex. Mar. 31, 2009) (citing *Genetic Implant Sys., Inc. v. Core–Vent Corp*., 123 F.3d 1455, 1458 (Fed. Cir. 1997)). Because the Texas long-arm statute reaches "as far as the federal constitutional requirements of due process will allow," the two inquiries collapse into a single inquiry of whether the exercise of personal jurisdiction comports with federal due process. *ATEN*, 261 F.R.D. at 118.

Due process is satisfied if: (1) the defendant has established minimum contacts with the forum state (*id*.); and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Autobytel*, 2009 WL 901482, at *1

3

(citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). "Specific jurisdiction exists when the nonresident defendant has 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-CV-26, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

An "independent basis" for personal jurisdiction is the "stream-of-commerce theory." *Icon Health*, 2009 WL 1025467, at *4. Under this theory, a defendant establishes sufficient contacts with the forum by "deliver[ing] its products into the stream of commerce with the expectation that they will be purchased by customers in the forum State." *Id*. at *12; *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) ("The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."). In this context, "[t]he distinction between specific and general jurisdiction is of little value." *Icon Health*, 2009 WL 1025467, at *8.

Once the plaintiff makes a *prima facie* showing of minimum contacts, the defendant has the burden to show that the exercise of jurisdiction would be "unreasonable," *i.e.* offend "traditional notions of fair play and substantial justice." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 n.3 (Fed. Cir. 2006).

V.      ARGUMENT

    A.      **TCT Mobile is Subject to Personal Jurisdiction Based on a Stream of Commerce Theory**

A *prima facie* case of purposeful entry into the Texas stream of commerce is established by showing "[1] that the defendant's products were sold into a nationwide distribution network and [2] that the products were available in Texas*.*" *IDQ Operating, Inc. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 5349488, at *4 (E.D. Tex. Jun. 10, 2016), *report and recommendation adopted sub nom. Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co., Ltd*, No. 6:15-CV-781, 2016 WL 5338715 (E.D. Tex. Sept. 23, 2016) (Gilstrap, J.); *accord GSK Tech., Inc. v. Schneider Elec., S.A.*, No. 6:06–cv–361, 2007 WL 788343, at *2 (E.D. Tex. Mar. 14, 2007). Under the strictest version of the test, the "purposeful" element is satisfied by a showing that the defendant "knew, or reasonably could have foreseen, that a termination point of the channel was [the forum state]." *Beverly Hills Fan*, 21 F.3d at 1564. Where the products are consistently available for sale in Texas, and the defendant's relationships with the entities in the distribution network are ongoing, the court can presume this element is satisfied. *Id*. (evidence that the accused products are available for sale at retailers in the forum state "reflect[s] an ongoing relationship with the [] retailer and customers [in Texas]," and "[f]rom these ongoing relationships, it can be presumed that the distribution channel . . . was intentionally established, and that the defendant "knew, or reasonably could have foreseen, that a termination point of the channel was [the forum state]"); *see also ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 119 (E.D. Tex. 2009) (evidence that the accused products are consistently available at retail stores in Texas "leads to a very strong conclusion that [the defendant] knew or should have known that its products consistently are marketed and sold in Texas"). Moreover, selling products to an entity that distributes products nationwide "is a strong indication that [the

5

defendant] intends to direct its products nationwide," including to Texas. *IDQ Operating*, 2016 WL 5349488, at *4. As described more fully below, TCT Mobile's conduct satisfies even the strictest version of the stream of commerce theory.

This Court's analysis in *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-cv-289 (TJW), 2008 WL 910012, at *1 (E.D. Tex. Apr. 2, 2008), is instructive. In *MHL Tek*, a foreign defendant moved to dismiss for lack of personal jurisdiction, arguing in its motion that it manufactures vehicles containing accused products abroad, sells the vehicles to a related foreign entity, and then a related U.S. entity purchases the vehicles for distribution in the United States. *Id*. The defendant did not dispute that the vehicles were available for sale in Texas. *See id*. The defendant nonetheless argued that jurisdiction was improper because the U.S. entity, not the defendant, "directs and controls the distribution of [accused products] in the US, including into Texas." *Id*. This Court disagreed, concluding that jurisdiction was proper under the stream of commerce theory because the defendant's continuous relationship with the two related entities amounted to "an established distribution chain," the defendant admitted that it places the accused products into that established chain, and the defendant was aware that its products would eventually be distributed nationwide. *Id*. The Court also held that because the defendant sold its products into an established distribution channel with other related entities, and it "knows the likely destination of its products [because] . . . [it] sells its products to [an entity in the chain] knowing that [the U.S. entity] will purchase some of those vehicles for distribution in the [U.S., and the U.S. entity] then distributes [the accused] vehicles throughout the United States, including Texas . . . [the defendant] should reasonably anticipate being hauled into court in Texas." *Id.*

This case is similar to *MHL Tek*. Like the defendant in *MHL Tek,* TCT Mobile states that TCT Mobile (US) Inc. ("TCT US") acquires the accused devices, imports and sells them to third-party resellers in the United States and in Texas. Dkt. 14-1 ¶ 14. While TCT Mobile does not expressly concede that it is part of this distribution channel, Semcon has made a *prima facie* case that it is. First, Semcon's Complaint covers claims of importation by TCT Mobile. *See, e.g.*, Dkt. 1 at ¶ 16. Second, Semcon has introduced evidence of TCT Mobile importing mobile phones to TCT US. Ex. E. While TCT Mobile may contest this assertion, this Court should resolve factual disputes in favor of Semcon. *ATEN*, 261 F.R.D. at 118. Similarly, Semcon has introduced uncontested evidence that TCT Mobile imports tablets into the U.S. Ex. D. Further, given that TCT Mobile is the owner of trademarks for the accused products[3] and that these trademarks are used in the US by its affiliates when the accused products are offered for sale,[4] this Court may infer that these trademarks are licensed by TCT Mobile for use throughout the U.S. including Texas. Just like in *MHL Tek*, these facts are sufficient to show that TCT Mobile places the Accused Products into the steam of commerce through a distribution channel it established with TCT US, with knowledge that, through TCT US's distribution, the accused devices will be sold nationwide, including in Texas. *See MHL Tek*, 2008 WL 910012, at *1.

These facts strongly indicate that TCT Mobile intended to direct its products nationwide, including to Texas. *IDQ Operating*, 2016 WL 5349488, at *4; see also *ATEN*, 261 F.R.D. at 119 (jurisdiction proper over foreign manufacturer despite argument that it sold its products to a foreign shipping company, it had no knowledge of the final destination of its products, and did not specifically intend to direct its products to Texas, because the defendant's continuous sales to

---

[3] *See*, Ex. B.

[4] *See*, Ex. C.

the foreign entity, which distributed nationwide, strongly indicate that it intends to direct its products nationwide).

Accordingly, exercising personal jurisdiction over TCT is proper. *Beverly Hills Fan*, 21 F.3d at 1564; *MHL Tek*, 2008 WL 910012, at *1; *IDQ Operating*, 2016 WL 5349488, at *4; ATEN, 261 F.R.D. at 120; see also *Asahi Metal Ind. Co., Ltd. v. Chang Shin Rubber Ind. Co., Ltd.*, 480 U.S. 102, 117 (1987) (noting that jurisdiction is proper when the flow of products into the forum is "regular and anticipated" and more than "unpredictable currents or eddies").

### B. TCT Mobile's Incomplete Affidavit Does Not Dispute Key Facts

TCT Mobile attempts to cloud the record by introducing an affidavit of one of its Directors. *See*, Dkt. 14-1. However, this affidavit fails to contest significant assertions. First, the affidavit is silent as to the importation of ***tablets*** by TCT Mobile. In contrast, Semcon has offered evidence that TCT Mobile imports tablets. Ex. D. Second, while the affidavit states that TCT Mobile does not import mobile phones specifically manufactured by Huizhou TCL Mobile Communication Co. Ltd. ("TCL Huizhou")[5], it does not rule out TCT Mobile importing any mobile phones. Again, TCT Mobile has introduced evidence of TCT Mobile importing phones into the U.S. Ex. E. Similarly, the affidavit states that TCT Mobile does not sell TCL Huizhou's phones in Texas, but does not deny selling other phones in Texas. Third, TCT Mobile uses a caveat that "[i]mportation means custom clearance" (Dkt. 14-1 at ¶ 8) when denying importation activities. Such carefully crafted language suggests that TCT Mobile may import phones (including from TCL Huizhou) into the U.S. then transfer title prior to custom clearance. If this were the case, TCT Mobile would still be liable under the stream of commerce theory. *See MHL Tek*, 2008 WL 910012, at *1. Finally, TCT Mobile's affidavit is written in the present tense and does not dispute relevant infringing activities dating six years prior to the Complaint which are

---

[5] Significantly, TCT Mobile's affidavit does not preclude other affiliates of TCT Mobile manufacturing phones.

8

part of the relevant damages period.  35 U.S. Code § 286.  Accordingly, TCT Mobile's affidavit does not detract from the *prima facie* showing that Semcon has made.

### C. Application of Personal Jurisdiction on TCT Mobile is Both Reasonable and Fair

To determine whether exercising personal jurisdiction would comport with "fair play and substantial justice," courts consider five factors: (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies.  *Burger King*, 471 U.S. at 477 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

Of the five factors used to determine whether personal jurisdiction is reasonable and fair, three weigh in Semcon's favor.  First, as to the second factor, "[t]he United States has a 'substantial interest' in enforcing the federal patent laws." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1299 (Fed. Cir. 2009) (citing *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.,* 297 F.3d 1343, 1356 (Fed. Cir. 2002)).  It "also has an interest in discouraging injuries that occur within its boundaries, including injuries resulting from patent infringement." *Id*. (citing *Beverly Hills Fan,* 21 F.3d at 1568).  Second, as to the third factor, Plaintiff Semcon, a resident of this District has alleged an injury for which it is seeking relief and therefore has "an interest in obtaining convenient and effective relief." *Id.*

"To the extent that the fourth and fifth due process factors apply when the United States is the forum, [] they favor jurisdiction in this case.  Both factors are concerned with the potential clash of substantive social policies between competing fora and the efficiency of a resolution to the controversy." *Id*. (citing *Burger King,* 471 U.S. at 477)  Significantly, TCT Mobile could

9

raise the same arguments had Semcon filed this suit in any other District. "As far as the fourth factor is concerned, here the forum is the United States, so no other U.S. forum is available to [Plaintiff] for its patent infringement claim. Put another way, there is no U.S. forum with which to compare the efficiency of a resolution or with respect to which there is a clash of social policies." *Id*. Accordingly, as Semcon does not have other alternatives to seek redress from TCT Mobile, the fourth factor also weighs for a finding of personal jurisdiction.

Lastly, while TCT Mobile states that the burden in defending Semcon's claims in a "foreign legal system" is great, this needs to be evaluated in context. First, "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Id*. (citing *World–Wide Volkswagen*, 444 U.S. at 294, and finding personal jurisdiction over a Brazilian entity that had no U.S. office, subsidiary or licensee). Second, as an owner of close to two dozen U.S. trademarks, TCT Mobile cannot state that it is inexperienced in U.S. intellectual property law so as to make it a truly "foreign legal system." Rather, by licensing this intellectual property for use throughout the U.S. (including sales within Texas), it has "availed itself of the forum" thereby making the application of personal jurisdiction fair and reasonable.

### D. Semcon is Entitled to Jurisdictional Discovery

This District has personal jurisdiction over TCT Mobile. In the event that the Court disagrees, Semcon requests that it be permitted to conduct jurisdiction-related discovery of TCT Mobile prior to a determination on the instant motion. *See Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

## VI. CONCLUSION

For the foregoing reasons, Semcon respectfully requests that the Motion be denied.

Dated: January 14, 2019                                               Respectfully submitted,

 /s/ Shahar Harel
Alfred R. Fabricant
Texas Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
Texas Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
Texas Bar No. 4557435
Email: vrubino@brownrudnick.com
Shahar Harel
Texas Bar No. 4573192
Email: sharel@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
SEMCON IP INC.**

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 14, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                 */s/ Shahar Harel*
                                                  Shahar Harel