FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-CV-00194-jrg |
| | § | |
| vs. | § | |
| | § | |
| TCT MOBILE INTERNATIONAL | § | |
| LIMITED AND TCL COMMUNICATION | § | |
| TECHNOLOGY HOLDINGS LIMITED, | § | |
| | § | |
| Defendants. | § | |

**TCT MOBILE INTERNATIONAL LIMITED'S REPLY IN SUPPORT OF
RULE 12(B)(2) MOTION TO DISMISS**

Defendant TCT Mobile International Limited ("TCT HK") files this reply in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I. SUMMARY OF ARGUMENT

Plaintiff Semcon IP Inc. ("Semcon") fails to meet its preliminary burden of establishing personal jurisdiction as to TCT HK for four reasons. First, Semcon's reliance on the "stream of commerce" theory is misplaced. Semcon completely ignores the U.S. Supreme Court's 2017 decision, *Bristol-Myers Squibb*, which severely curtails (if not terminates) the theory's application. Moreover, TCT HK does not manufacture the accused products and, therefore, the cases Semcon cited are clearly distinguishable. Second, Semcon cites third-party websites that are not competent evidence and which the Court should refuse to consider. Even considering those websites, however, the exercise of jurisdiction is still not proper. Third, Semcon's argument concerning TCT HK's ownership of trademarks is a complete red herring, evident by Semcon's failure to cite even one case in support of its contention that the ownership (and alleged license) of trademarks subjects TCT HK to this Court's jurisdiction. Fourth, the exercise of jurisdiction over TCT HK is neither reasonable nor fair, especially given that Semcon elected not to sue the entity that actually imports and sells products in the United States, presumably to avoid a venue challenge. In addition, Semcon is not entitled to jurisdictional discovery as it has failed to meet its preliminary showing of personal jurisdiction and has not cited to any evidence it believes it will uncover that will establish jurisdiction. For these reasons, as set forth herein, TCT HK's motion should be granted.

## II. FACTUAL BACKGROUND[1]

As used herein, "accused products" means products that utilize System-on-a-Chip (SoCs)

---

[1] In support of this reply, TCT HK submits the Supplemental Declaration of Anming Yang, which is attached as Exhibit 1. TCT HK also incorporates those facts set forth in its motion (ECF No. 14) by reference. The facts set forth herein are for the time period six years prior to the filing of this suit through the date of the Supplemental Declaration. Ex. 1 ¶ 5.

1

and "associated software that perform DCVS or DVFS for power management, including Qualcomm Snapdragon SoCs including at least the Snapdragon 200, 400 and 615 SoCs" and "Alcatel One Touch Idol 3, One Touch Pop Icon, and One Touch Pop Mega LTE smartphones," referenced in Plaintiff's Complaint, and "Alcatel Idol 5S smartphone" and "Alcatel A30 tablet" referenced in Plaintiff's Response. Ex. 1 ¶ 6. This definition includes all products referenced in Plaintiff's Complaint and Response. *Id.*

TCT HK did not and does not manufacture the accused products. *Id.* ¶ 7. To be certain, TCT HK did not and does not manufacture *any* smartphone or tablet. *Id.* ¶ 8. TCT HK did not and does not sell the accused products to any person or entity in Texas. *Id.* ¶ 9. TCT HK did not and does not sell any smartphone or tablet to any person or entity in Texas. *Id.* ¶ 10. TCT HK did not and does not sell the accused products to a nationwide retailer in the United States. *Id.* ¶ 11. TCT HK did not and does not own any subsidiary companies in the United States. *Id.* ¶ 12. TCT HK did not and does not have an office, mailing address, or place of business in Texas. *Id.* ¶ 13. TCT HK did not and does not have any bank accounts in Texas. *Id.* ¶ 18. TCT HK did not and does not own or lease any real property in Texas. *Id.* ¶ 14. TCT HK has not appointed an agent for the service of process in Texas. *Id.* ¶ 15. TCT HK was not and is not registered to do business in Texas. *Id.* ¶ 16. TCT HK had no and has no employees, let alone employees that reside or work in Texas. *Id.* ¶ 17. TCT HK did not and does not license any trademarks to any person or entity in Texas. *Id.* ¶ 19. TCT HK has not entered into any agreements for the accused products with any person or entity in Texas. *Id.* ¶ 20. TCT HK does not market or advertise the accused products in Texas. *Id.* ¶ 21.

### III.   ARGUMENT AND AUTHORITIES

As set forth herein, Semcon fails to make a preliminary showing of personal jurisdiction as to TCT HK, an entity that does not manufacture the accused products nor sell them to any person or entity in Texas. Semcon also has not met its burden for jurisdictional discovery.

### A. Semcon has not made a preliminary showing of personal jurisdiction.

Semcon contends specific—rather than general—jurisdiction exists as to TCT HK in this case. *See* Resp. at 1 (arguing TCT HK is subject to personal jurisdiction under a stream of commerce theory); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (U.S. 2011) (explaining that a stream of commerce theory cannot be the basis for general jurisdiction). This Court may exercise specific jurisdiction over TCT HK if: (1) TCT HK purposefully directed activities at residents of Texas; (2) the claims in this suit arise out of or relate to TCT HK's activities with Texas; and (3) assertion of personal jurisdiction over TCT HK is reasonable and fair. *DietGoal Innovations LLC v. Arby's Rest. Group, Inc.*, 2:11CV418, 2012 WL 12893803, at *2 (E.D. Tex. Sept. 25, 2012) (citing *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009)).

As set forth herein, Semcon fails to make a preliminary showing of personal jurisdiction against TCT HK for at least four reasons: (1) the stream of commerce theory does not apply; (2) the bulk of Semcon's exhibits are not competent evidence; (3) Semcon's trademark theory completely misses the mark in this suit for patent infringement; and (4) the exercise of jurisdiction over TCT HK is neither reasonable nor fair.

#### 1. The stream of commerce theory does not confer jurisdiction.

Semcon argues that TCT HK is subject to this Court's jurisdiction under a stream of commerce theory because "TCT Mobile places the Accused Products into the stream of commerce through a distribution channel it established with TCT US, with knowledge that, through TCT US's distribution, the accused devices will be sold nationwide, including in Texas." Resp. at 7 (ECF No. 17). This theory fails for at least two reasons, including (i) it ignores Supreme Court precedent, and (ii) overlooks the fact that TCT HK does not manufacture the accused products, let alone any smartphones or tablets.

a. <u>Semcon ignores Supreme Court precedent.</u>

On June 19, 2017, the Supreme Court decided *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017). The Supreme Court held that due process did not allow the exercise of specific personal jurisdiction over Bristol-Myers in California as to non-resident plaintiffs' claims because they did not allege that they were injured by any conduct of Bristol-Myers that occurred in California. *See generally id.* Specifically, Bristol-Myers's contract with a California distributor to distribute the product at issue nationally was not a sufficient basis for personal jurisdiction against Bristol-Myers in California. *Id.* at 1783. It was not alleged that Bristol-Myers engaged in relevant acts with the distributor in California, nor was it alleged that Bristol-Myers was derivatively liable for the distributor's conduct in California. *Id.* Citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014), the Supreme Court explained that "a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1781.

Thus, for specific jurisdiction to exist, it must be linked to the defendant's particular acts within the forum state. *See id.* at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State."). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

Several federal courts have held that *Bristol-Myers* effectively overruled the stream of commerce theory as a basis for specific jurisdiction. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (declining to adopt the stream of commerce theory as a basis for personal jurisdiction); *A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1038–39 (E.D. Mo. 2018) ("To the extent plaintiffs' stream-of-commerce theory purports to attach specific personal jurisdiction on the basis of mere foreseeability related to a defendant's relationships with third parties, without any

4

attention paid to a defendant's own discrete efforts to target a specific forum, the Court finds that such a theory is inapplicable in light of *Bristol-Myers*, 137 S.Ct. at 1781-1783.").

Judge Schroeder recently applied *Bristol-Myers* in a suit for trademark infringement, *Diece-Lisa Indus., Inc. v. Disney Store USA, LLC*, 2:12-CV-00400, 2017 WL 8786932 (E.D. Tex. Dec. 19, 2017). In that case, the plaintiff sued defendants for alleged infringement of the "Lots of Hugs" mark, specifically based on the alleged sale of infringing *Toy Story 3* merchandise. Two defendants moved to dismiss for lack of personal jurisdiction. The plaintiff argued jurisdiction existed as to the defendants, even though they were not Texas residents, because they were licensors in non-exclusive license agreements that allowed third parties in Texas to sell the allegedly infringing merchandise. *Id.* at *3. Judge Schroeder noted the well-established principal that "a non-exclusive license agreement alone is insufficient to trigger personal jurisdiction over the licensor." *Id.* (citing *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361–62 (Fed. Cir. 1998); *Breckenridge Pharm., Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006); *Catalyst Medium Four, Inc. v. CardShark*, LLC, 2015 WL 1412591, at *6 (W.D. Tex. Mar. 26, 2015)). Judge Schroeder then noted the absence of "the requirement under *Bristol-Myers Squibb* of a connection between the presence in the forum and the specific claims at issue." *Id.*

Semcon also contends jurisdiction exists because it was "foreseeable" that the products would end up in Texas. *See* Resp. at 5 (ECF No. 17). Semcon's "foreseeability" theory, however, has been roundly rejected by the Supreme Court. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."); *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert

the mere act of placing the product into the stream into an act purposefully directed toward the forum State."); *see also Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (explaining that it is not enough for the defendant's conduct to have effect in the forum state; "[r]ather, jurisdiction must be based on intentional conduct by the defendant directed at the forum" (internal quotation marks omitted)).

Here, Semcon has not established "a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781. Semcon has not proven that TCT HK targeted Texas or purposefully directed any act toward Texas. *Nicastro*, 564 U.S. at 882; *Asahi*, 480 U.S. at 112. To the contrary, TCT HK has not sold the accused products (or any smartphone or tablet) to any person or entity in Texas, nor has it marketed or advertised the accused products in Texas. Ex. 1 ¶¶ 9, 10, 21. Semcon simply cannot connect any allegedly infringing act to anything that TCT HK has done in Texas. For this reason alone, TCT HK's motion should be granted.

b.   TCT HK does not manufacture the accused products.

Setting aside the above, Semcon's stream of commerce theory does not even apply as the cases it cites concern defendants that actually manufactured the products at issue. *See IDQ Operating, Inc. v. Aerospace Communications Holdings Co., Ltd.*, 6:15-CV-781, 2016 WL 5349488, at *4 (E.D. Tex. June 10, 2016*), report and recommendation adopted sub nom. Armor All/STP Products Co. v. Aerospace Commc'ns Holdings Co., Ltd*, 6:15CV781, 2016 WL 5338715 (E.D. Tex. Sept. 23, 2016) ("[Defendant] does not dispute that it sells its products to Wal-Mart, a nationwide retailer, and that Wal-Mart sells the products 'everywhere,' including Texas.")[2]; *MHL Tek, LLC v. Nissan Motor Co.*, 2:07-CV-289 (TJW), 2008 WL 910012, at *1 (E.D. Tex. Apr. 2, 2008) (noting that the defendant built the cars).

Here, TCT HK does not manufacture the accused products, let alone *any* smartphone or

---

[2] This case is further distinguishable because TCT HK does not sell the accused products to a nationwide retailer in the United States. Ex. 1 ¶ 11.

tablet. Ex. 1 ¶¶ 7, 8. Semcon's cases are plainly inapposite.

### 2.     The Court should strike Semcon's "evidence."

In deciding TCT HK's motion, the Court may consider affidavits or other recognized methods of discovery. *E.g.*, *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Semcon submits several websites in support of its response, including Exhibits C–M. However, these are not TCT HK websites and, as such, are hearsay. Ex. 1 ¶ 22; *see* Fed. R. Evid. 801(c). "Generally, relying solely on unverified hearsay evidence will not pass the muster of the due process requirements." *Farmer Boys' Catfish Kitchens Int'l, Inc. v. Golden W. Wholesale Meats, Inc.*, 18 F. Supp. 2d 656, 662 (E.D. Tex. 1998). "This is particularly true when the nonresident defendant puts on equally compelling evidence to rebut the conclusory allegations." *Id.* TCT HK therefore objects to Exhibits C–M and asks the Court to strike the same.[3]

### 3.     TCT HK's alleged license of trademarks is not a basis for personal jurisdiction.

Semcon asserts that because TCT HK owns trademarks associated with the accused products and because those trademarks are used in the U.S., "the Court may infer that these trademarks are licensed by [TCT HK] for use through the U.S. including Texas." Resp. at 7 (ECF No. 17) (citing Exhibits B and C). Notably, Semcon fails to cite a single case in support of this theory. Semcon also relies upon Exhibit C for this assertion, which is not competent evidence, as set forth above. Even if the Court were to consider Exhibit C, however, it is unclear who this website belongs to (not TCT HK, *see* Ex. 1 ¶ 22) and what exactly it demonstrates. And, even if it does demonstrate that trademarks for the accused products "are used in the US by [TCT HK's] affiliates when the accused products are offered for sale" (it does not), this still does not establish any

---

[3] Even if the Court considered Exhibits C–M, they do not support the exercise of personal jurisdiction over TCT HK as they do not establish any conduct by TCT HK in Texas connected to the alleged infringement at issue in this suit.

purposeful conduct by TCT HK in Texas. Plainly, Semcon asks the Court to make an inference, without offering any evidence or even a factual allegation in its Complaint in support of the same.

Setting all this aside, even in cases of trademark infringement, courts have found a license agreement to be an insufficient basis for personal jurisdiction. In *Sunshine Kids Found. v. Sunshine Kids Juvenile Products, Inc.*, the plaintiff argued that jurisdiction was proper because the defendants licensed the trademarks at issue to an affiliated entity that used the trademarks to carry out the alleged infringement in the forum state. CIV. A. H-09-2496, 2009 WL 5170215, at *7 (S.D. Tex. Dec. 18, 2009). The Court disagreed: "[a]bsent evidence from which the court could infer that the activities of [the affiliate] in Texas were conducted at the direction of, and/or for the benefit of, [defendants], the court concludes that it is unable to exercise personal jurisdiction over either of these two defendants." *Id.* at *9. Judge Schroeder reached the same result in *Diece-Lisa*, 2017 WL 8786932, as discussed above.

Here, this is not even a suit for trademark infringement nor has TCT HK licensed any trademarks to any person or entity in Texas. Ex. 1 ¶ 19. Semcon's theory, therefore, is even more attenuated. *Bristol-Myers*, 137 S. Ct. at 1781 (explaining that specific jurisdiction requires "a connection between the forum and the specific claims at issue"). Simply put, TCT HK's ownership of U.S. trademarks is an insufficient basis to confer jurisdiction over it in Texas. "[I]t would be a harsh punishment to subject a trademark owner to personal jurisdiction in a foreign state for merely attempting to protect its mark." *Diece-Lisa*, 2017 WL 8786932, at *3.

### 4. The exercise of jurisdiction is neither reasonable nor fair.

Semcon contends the application of personal jurisdiction on TCT HK is reasonable and fair because (i) the United States has a substantial interest in enforcing its patent laws, (ii) Semcon is a resident of this district, (iii) Semcon does not have other alternatives to seek redress from TCT HK, and (iv) TCT Mobile must be familiar with the U.S. court system because it owns U.S. trademarks.

*See* Resp. at 9–10 (ECF No. 17). Each contention lacks support.

First, Semcon contends the U.S. has a substantial interest in enforcing its patent laws. This is premised, however, on the defendant actually committing an infringing act in the forum state—an allegation Semcon has failed to establish here. Second, Semcon argues it is "a resident of this District." Resp. at 9 (ECF No. 17). Semcon has also stated "its principal place of business [is] located at 100 W. Houston Street, Marshall, Texas 75670." Compl. at 1 (ECF No. 1). According to its filings with the Texas Secretary of State, however, Semcon's addresses and principal place of business are in Rye, New York.[4] Any connection Semcon has to Marshall, Texas appears to be only through its local counsel.

Third, Semcon contends it has no other alternatives to seek redress from TCT HK. In reality, Semcon could sue the entity that actually imports and sells mobile phones and tablets into the U.S.—TCT Mobile (US) Inc. ("TCT US"). Ex. 1 ¶ 24. Rather than sue this entity, Semcon sued TCT HK and another Chinese company that has yet to be served. Presumably, Semcon did so to avoid a venue challenge as TCT US is a Delaware corporation that has its principal place of business in Irvine, California. Ex. 1 ¶ 23.

Lastly, Semcon relies upon *Synthes*, 563 F.3d at 1299 for its proposition that TCT HK will not be greatly inconvenienced by having to litigate in Texas. Resp. at 9-10. In *Synthes*, the defendant's representatives had "traveled to the United States for, among other things, trade shows, which suggests that, as far as [defendant] is concerned, travel itself is not unduly burdensome." 563 F.3d at 1299. Semcon has made no similar allegation here. Instead, Semcon contends the U.S. legal system is not truly foreign as TCT HK owns close to two dozen U.S. trademarks. Resp. at 10. However, as Judge Schroeder explained, "it would be a harsh punishment to subject a trademark owner to personal jurisdiction in a foreign state for merely attempting to protect its mark." *Diece-Lisa*, 2017

9

WL 8786932, at *3.

### B. Semcon has not met its burden for jurisdictional discovery.

In its response, Semcon asks that it be permitted to conduct jurisdictional discovery before the Court rules on TCT HK's motion. *See* Resp. at 10 (ECF No. 17). Semcon bears the burden of demonstrating the necessity of jurisdictional discovery. *WorldVentures Holdings, LLC v. Mavie*, 4:18CV393, 2018 WL 6523306, at *11 (E.D. Tex. Dec. 12, 2018) (citing *Monkton Ins. Srvs, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). Semcon must first make a "preliminary showing of jurisdiction by presenting factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (internal quotation marks omitted). Semcon must then "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Id.*

Here, Semcon has failed on both counts. Semcon "ha[s] not identified the factual allegations suggesting that requisite contacts exist, the facts [it] expect[s] to obtain from discovery, or how this information may establish personal jurisdictional discovery." *Id.* at *12. Whereas, here, "the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Due's Wrecker Serv. v. Metro Tow Trucks (Canada) Ltd.*, 9:16-CV-13-MHS-ZJH, 2016 WL 5329634, at *3 (E.D. Tex. Aug. 30, 2016), *report and recommendation adopted sub nom. Serv. v. Metro Tow Trucks (Canada), Ltd.*, 9:16-CV-13, 2016 WL 5079987 (E.D. Tex. Sept. 19, 2016) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

## IV. CONCLUSION

For the reasons set forth herein, TCT HK respectfully requests that its motion be granted, Semcon's claims against TCT HK be dismissed, and that TCT HK be awarded such other and further relief to which it may be justly entitled.

---

[4] *See* Ex. 2. The Court may take judicial notice of Secretary of State filings. *See* Fed. R. Evid. 201(b).

Respectfully submitted,

*s/ Daniel R. Foster*
Daniel R. Foster
California Bar No. 179753
dfoster@mwe.com
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 851-0633
(949) 851-9348 (facsimile)

Ya-Chiao Chang
Texas Bar No. 24070992
ychang@mwechinalaw.com
MWE CHINA LAW OFFICES
28th Floor, Jinmao Tower
88 Century Ave.
Shanghai 200121 China
+86 21 6105 0947
+86 21 6105 0501 (facsimile)

Calli A. Turner
Texas Bar No. 24088558
cturner@mwe.com
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood, Suite 1900
Dallas, TX 75201
(214) 295-8056
(972) 232-3098 (facsimile)

ATTORNEYS FOR DEFENDANT TCT MOBILE INTERNATIONAL LIMITED

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, a true and correct copy of the foregoing document was served by electronic transmission through the Court's Case Management Electronic Case Filing system.

*s/ Calli Turner*
Calli Turner